56 F.3d 83
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Juan G. QUINTO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3113.
 United States Court of Appeals, Federal Circuit.
 May 18, 1995.
 
 Before NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Juan G. Quinto petitions for review of the September 27, 1994 decision of the Merit Systems Protection Board, dismissing his petition to reopen and reconsider the Board's decision of February 14, 1992. We affirm.
 
 DISCUSSION
 
 2
 In an initial decision issued on January 10, 1992, the administrative judge affirmed an Office of Personnel Management reconsideration decision that disallowed petitioner's application for a deferred retirement annuity under the Civil Service Retirement System. Mr. Quinto did not file a petition for Board review, and the initial decision became final on February 14, 1992. He subsequently appealed to this court, which affirmed the Board decision. Quinto v. Office of Personnel Management, 983 F.2d 1088 (Fed. Cir. 1992) (Table), cert. denied, 115 S. Ct. 760 (1995).
 
 
 3
 On June 15, 1994 Mr. Quinto filed a petition requesting the Board to reopen the record and reconsider its 1992 decision. The Board held that it lacked jurisdiction to consider Mr. Quinto's submission, since the matter had been finally decided by the Federal Circuit.
 
 
 4
 A judicial body is not without jurisdiction to consider newly discovered evidence, fraud, concealment or misrepresentation by a party, or any other reason that could support reopening the case in the interest of justice. The Merit Systems Protection Board has that authority. Anderson v. Department of Transportation, 46 M.S.P.R. 341, 349-50 (1990), aff'd, 949 F.2d 404 (Fed. Cir. 1991) (Table). However, Mr. Quinto's only argument is that the wrong law was applied. The matter of the applicable law, and its application to these facts, had previously been litigated and adjudged. Thus the Board's dismissal would have been more correctly dismissed on the ground of res judicata, not absence of jurisdiction. On the correct ground, we affirm the dismissal.